Styles *v.* Weir et al.

---

WILLIAM STYLES *v.* ANDREW WEIR et al.

The statute which authorizes the sale of real estate for taxes due the State, requires the advertisement to set forth that the property was assessed in the name of the person for whose taxes it is sold, or that he was chargeable with the taxes in arrears.   Act 1841, p. 68.

It is necessary in the sale of property for taxes, that every essential feature of the law should be observed, to uphold the sale.   *Held*, that under the law as it then existed, the sale was void.

The object of the law in requiring such advertisements, was to notify the absent party that he stood charged with a certain tax, which, if not paid, his property would be sold, and to notify the public of the time and place of the sale.

IN error from the northern district chancery court at Columbus; Hon. Henry Dickinson, vice-chancellor.

The defendants in error, as heirs at law of Dabney Puckett, filed their bill in the district chancery court at Columbus, to ·vacate a tax deed so far as it affects the north-east quarter twenty-five, township eighteen, range fifteen, in Oktibteha county, which land was purchased by E. A. Ably, on the 4th July, 1842, and by him sold to William Styles. The land was patented to Edmond D. Whitfield, on the 27th of February, 1841, who conveyed the same to Puckett the 7th of March, 1840.

The sale was advertised in the Columbus Democrat for thirteen consecutive weeks, of which Ably was the printer. The tax deed shows that the sale was made of the land without describing it as assessed in the name of any person, and was sold for the taxes due in 1841.

*R. Evans,* for appellant, filed an elaborate brief.

*Boykin, Crusoe,* and *Potter* for appellees.

The notice of sale was bad. The act of 1841 (67, 68, § 37) specifies what the notice shall contain, to wit: time and place of sale, name of person as whose property it was taxed, name of grantee if known, amount due, description of land, &c. This notice does not state to whom the land was taxed, nor state the true name of the enterer, but gives Edward, instead of Edwin D. Whitehead, as the enterer. These are express requirements of law, and their non-observance avoids the sale. *Washington* v. *Pratt,* 8 Wheat. 681; *Gardner* v. *Brown,* 1 Humph. 354; 4 Peters, 349.

This land was not sold for taxes due from any person, nor as the property of any one. The deed is silent in these particulars. The collector seems to have supposed the land, and not the owner, owed the tax, and to have made sale accordingly. Whose interest was sold, and what interest was it? The interest of "the person assessed," and that only, could be sold. Act. 1841, p. 59, § 18; *Hulick* v. *Scovil,* 4. Gilm. 159; *Gardner* v. *Brown,* 1 Humph. 354; *Bell* v. *Fry,* 5 Dana, 341; *Johnson* v. *McIntire,* 1 Bibb, 295.

Styles *v.* Weir et al.

Mr. Justice FISHER delivered the opinion of the court.

The object of this bill is to vacate a certain deed, made by one Merriman, as tax collector of Oktibbeha county, on the 5th of July, 1842, to one Ably, and to vacate a deed made by Ably for the same land to the plaintiff in error.

The land was sold on the 4th of July, 1842, by Merriman, as tax collector of said county, as the property of one Whitehead, a non-resident of the State, for the payment of the taxes due thereon and expenses of sale, for the year 1841. Whitehead, in March, 1840, conveyed the land to the complainant's ancestor, Puckett, from whom they derive title as his heirs at law.

It is alleged in the bill, among other things, and fully established by the proof, that no legal notice was given of the tax sale on the 4th of July, 1842. The statute of 1841 on this subject is as follows: " The advertisement shall specify the time and place of sale,' the name' of the person as whose property it was taxed," &c. Act of 1841, p. 68. The advertisement in the record, after stating the time and place of the sale, and describing the land, merely states that it was entered by Edward Whitehead. It nowhere states that it was assessed as his property, or that he was chargeable with the taxes in arrears thereon.

It has so often been decided that in sales of this kind, every essential feature of the law must be observed to uphold the sale, that we deem it unnecessary even to cite the authorities. Under the law, as it then existed, this sale was clearly void. The object of the law, in requiring such advertisements, was twofold; to notify the absent party that he stood charged with a certain tax, which, if not paid by a certain day, his land would be sold; and to notify the public of the time and place of the sale. Only the last object could be accomplished by this advertisement. It conveyed no notice whatever to Whitehead, that he was either a tax payer on account of the land, or that he was in default in its payment.

Decree affirmed in all things.